**HOFLAND & TOMSHECK**
Joshua Tomsheck, Esq.
Nevada State Bar No. 9210
josht@hoflandlaw.com
228 South Fourth Street, 1st Floor
Las Vegas, Nevada 89101
Telephone: (702) 895-6760
Facsimile: (702) 731-6910

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IAN CHRISTOPHERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> RANDALL ROSKE, ) <br> **JOSH TOMSHECK,** ) <br> ROES I-V. ) <br> ) <br> Defendants ) <br> _____) | Case No: 2:16-cv-02872-JCM-PAL |

### **DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS WITH PREJUDICE**

Defendant Josh Tomsheck, Esq., files this Motion to Dismiss with Prejudice Plaintiff Ian Christopherson's claim for relief under the Federal Tort Claims act pursuant to Federal Rule of Civil Procedure 12(b)(6). This Motion is supported by the attached Points and Authorities, papers and pleadings on file herein and any argument deemed necessary by the Court at the time of hearing in this matter.

///

///

///

## I. INTRODUCTION

Christopherson was indicted by a Federal Grand Jury on February 18, 2009. Attorney John R. Lusk, Esq. was originally retained by Christopherson to handle his criminal matter. Therafter, CJA appointed counsel Randall Roske, Esq. made his first appearance as Christopherson's attorney on June 30, 2010.

Trial for Christopherson began on September 19, 2011 and concluded on September 23, 2011. Christopherson was found guilty that same day.

The undersigned filed a Substitution of Attorney and a Notice of Appearance on January 11, 2012. The undersigned was retained to represent Christopherson for one (1) post trial motion and for sentencing. The undersigned made two court appearances for Christopherson, on September 4, 2012 and December 17, 2012, respectively.

At the time of sentencing (and at the direction of Christopherson) the undersigned advised the Court that he would not serve as appellate counsel, but would file a Motion for Bail Pending Appeal. Tomsheck filed said Motion for Bail Pending Appeal on February 15, 2013. Motion for Bail Pending Appeal was denied on March 5, 2013. Therafter, the undersigned withdrew as attorney of record.

On December 12, 2016, Christopherson filed this action against the United States of America, under the Federal Tort Claims Act, Title 28 U.S.C. Statute 2671 et. seq. As near as the undersigned can decipher, this claim alleges, in essence, a claim of attorney malpractice by the Federal Public Defender's Office in its handling of Christopherson's appeal before the Ninth Circuit Court of Appeals. The ambiguous complaint makes passing reference to the undersigned in three (3) areas, namely at paragraphs 2, 8 and 16. Christopherson's

2

Complaint reads "Josh Tomsheck, Esq., was retained by Christopherson between December 2011 and March 2013 and under Nevada law, **a cause of action against him has not yet accrued** and Christopherson reserves the right to amend on such accrual. (Complaint, page 2, Lines 4-6, emphasis added).

## II. LEGAL STANDARDS

### A. Standard For Dismissal For Failure to State A Claim Upon Which Relief Can Be Granted

Under Federal Rule of Civil Procedure 12(b)(6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must meet two criteria:

1. It must assert a plausible claim; and
2. It must set forth sufficient factual allegations to support the claim.

See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), (citing *Twombly*, 550 U.S. 554); *see* also *Frith v. Guardian Life Ins. Co. of A.,* 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). (Explaining that dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory).

In *Twombly*, the Supreme Court squarely rejected the Rule 12(b)(6) standard set forth under *Conley v. Gibson* 355 U.S. 41, 45-46 (1957). *Twombly*, 550 U.S. at 560-51. Pleadings are no longer satisfied by "an unadorned the defendant unlawfully harmed me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* 550 U.S. at 555). Now, neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of

further factual enhancement" is sufficient to withstand dismissal. *Id.*

To satisfy the standard under *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim. *Id*. (citing *Twombly,* 550 U.S. at 556). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* at 1950. Therefore, if allegations are merely "conclusory", they are "not entitled to be assumed true." *Id*. Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the acts must also "plausibly suggest an entitlement to relief." *Id*. at 1951.

### III.    ARGUMENT AND AUTHORITIES

**A. Plaintiff Fails to Meet the Standard Set by Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency that a claim has. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court accepts as true all well-pleaded allegations of material fact and construes them in the light most favorable to the nonmoving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *Weingartner*, 702 F. Supp. 2d at 1285; *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th cir. 2001).

A Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) concerns what facts the Plaintiff must plead in his Complaint. Under Federal Rule of Civil Procedure

4

8(a)(2), the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The "short and plain" statement requirement must plead "enough facts to state a claim to relief that is plausible on its face," which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, supra.* This standard does not ask the plaintiff to plead facts that suggest he will prevail, but rather it asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

It is clear from a plain reading of the Complaint, Christopherson does not assert a plausible claim, nor does it set forth sufficient factual allegations to support the claim. Inexplicably, Christopherson's Complaint states that "a cause of action against him (Tomsheck) has not accrued." As such, Christopherson has not included any statement of the claims showing that he is entitled to relief. He also fails to show any alleged misconduct. As a result, this claim should be dismissed, with prejudice.

**B. No Cause of Action Exists**

Christopherson admits explicitly in his complaint that "**under Nevada law, a cause of action against him has not accrued**." (p. 2, lines 4-6). This is a concession contained within his complaint that this matter is not justiciable. While Christopherson's Complaint is so vague as to make a non-speculative answer a practible impossibility, the undersigned can only speculate that Christopherson must conceive of some unknown and unarticulated assertion of negligence or wrongdoing by the undersigned. This namelass bare allegation is

5

not only unanswerable (as outlined herein above) but legally impermissible as Christopherson has also filed a Habeas Corpus action, which is currently pending. While the Habeas action is pending, any assessment of unarticulated damages under Nevada Law is speculative and premature. As this Court is well aware, the cause of any damage related to a claim for malpractice in a criminal defense context does not exist until post-conviction or appellate relief is granted. See *Morgano v. Smith*, 110 Nev. 1025, 21029, 869 P. 2d 735, at 737 (1994). As no such relief has been granted, no actionable cause exists here and this matter should be dismissed in its entirety.

### IV. **CONCLUSION**

In conclusion, Christopherson's claims are fundamentally defective and meritless. His claim is not adequately pled to satisfy the standards areticulated herein. As such, the undersigned respectfully requests that this Honorable Court grant his Motion to Dismiss, with prejudice

DATED this 21st day of April, 2017.

HOFLAND & TOMSHECK

By: */s/ J. Tomsheck*
Josh Tomsheck, Esq.
Nevada State Bar No. 9210
228 S. 4th Street, 1st Floor
Las Vegas, Nevada 89101
(702) 895-6760
Attorney for Defendant Tomsheck