**Ian Christopherson**
6205 Obannon Drive
Las Vegas, NV 891546
702-372-9649
Plaintiff, pro se



UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

IAN CHRISTOPHERSON,

  Plaintiff,

vs.

UNITED STATES OF AMERICA, Randall Roske, Josh Tomsheck, Roes I-V.

  Defendants

Case No.:2:16-cv-02872-JCM-PAL

**RESPONSE TO THE UNITED STATES MOTION TO DISMISS**

  The two issues presented by the Governmentare for the Court to decide establish the parameters of the claims.

  The authority in accrual and how and under what law liability may lie left open when such a claim must be made and against whom.

  The resolution of those issues is not as clear cut as the Government states them but by its position the Goivernment now elects to defer the claims until after the underlying conviction is reversed and apparently make claims against the Federal Public defenders state claims against the "firm" and individual attorneys.

If this court ratifies that Governments position it will be estopped from later asserting otherwise .

**Accrual**

The language of the FTCA and cases thereunder do not delineate when a case such as the one here accrues.

Since the claim against the Federal Public defender is for negligently pursuing and appeal, and in the process failing to meet the standards of Anders v. California 386 US 738 (1967) and its progeny, the case against the Federal Public Defender office, if governed by the FTCA could now be ripe.

Since the Government now asserts the contrary and waives that issue accrual has not occurred unless the court holds that a negligent appeal of an otherwise reversible conviction can serve as the basis for liability.

As set forth in earlier briefings, if the courts hold the basis for denial of the pending 28 USC 2255 Motioin is procedural default caused by the failures of counsel there remains a claim for malpractice as that default is the cause of the conviction surviving.

It is illogical that a defendant can protect themselves from liability by their own error.

The rule that a revesal of a conviction is necessary before a claim can be made for legal malpractice may be correct until allappeals are exhausted under exhaustion principles but clearly there must be a renmmedy for failure to properly handle an appeal.

**The Government as Defendant**

This issue is n the subject of at least one law review article to wit - Sullivan v US 40 Vil. L. Rev.233 (1995).

The 7th Circuit in Sullivan v US 21 F 3rd 198 ( 7th Cir.1994) ruled that despite the statutry language the Governemt quotes from 28 USC 2671, the United States, not the individual attortney is the proper defendant.

Since the Government now assert it is not the defendant and that the FTCA does not apply it will be estopped from asserting those defenses.

The pleading is clearly in conformity with Sullivan, supra.

**Conclusion**

The Governments position that the case has not accrued, that the FTCA does not apply and that the action should be brought against the individual attorneys is supported by some legal reasoning and authority.

From a procedural standpoint Plaintiff can and will proceed with the Governments position being the law of the case should the Court so hold and dismiss the case without prejudice awaiting disposition of the pending 2255 Motion.

DATED this 4th day of May, 2017.

IAN CHRISTOPHERSON

6205 Obannon Drive
Las Vegas, NV  89149
702-372-9649
Defendant, pro se