# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| IAN CHRISTOPHERSON,<br><br>   Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Case No. 2:16-cv-02872-JCM-PAL<br><br>ORDER |

This matter is before the court on the parties' failure to file a proposed stipulated discovery plan and scheduling order. The Complaint (ECF No. 1) in this matter was filed December 12, 2016. Defendant Randall Roske filed a Motion to Dismiss (ECF No. 9) March 16, 2017. Defendant Josh Tomseck filed a Motion to Dismiss (ECF No15) April 21, 2017. The United States filed a Motion to Dismiss (ECF No18) April 28, 2017.

Pursuant to LR 26-1, the parties were required to meet and/or confer as required by Fed. R. Civ. P. 26(f) within thirty days after the first defendant answered or otherwise appeared, and fourteen days thereafter to file a mandatory stipulated discovery plan and scheduling order. To date, the parties have not complied. However, the face of plaintiff's complaint states that "under Nevada law, a cause of action" against Roske and Tomsheck "has not yet accrued." The United States' motion argues the court lacks subject matter jurisdiction over plaintiff's claims against employees of the Federal Public Defender's Office who represented plaintiff in a criminal case in this district which he was convicted after trial because plaintiff has no viable claim against them under the Federal Tort Claims Act and because plaintiff may not collaterally attack his conviction in a civil case where his conviction has not been overturned, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

The complaint essentially asserts claims that the defendants committed mal practice in handling various aspects of plaintiff's criminal case which resulted in his conviction and incarceration. The Unites States' motion argues the court lacks subject matter jurisdiction. The court finds that where, as here, there is a genuine issue with respect to whether the court currently has subject matter jurisdiction over plaintiff's claims a stay pending decision of dispositive motions would best accomplish the goal of Fed R. Civ. P. 1 "to secure the just, speedy, and inexpensive determination" of this case. Accordingly,

**IT IS ORDERED:**

1. A stay of discovery is imposed pending decision of the pending motions to dismiss.
2. The parties shall have 14 days from decision of the last decided motion to dismiss to meet and confer to conduct the Rule 26(f) conference and submit a proposed stipulated discovery plan and scheduling order as to any claim that survives.

DATED this 16th day of May, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE