UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| IAN CHRISTOPHERSON, | Case No. 2:16-CV-2872 JCM (PAL) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant(s). | |

Presently before the court is defendant Randall Roske's motion to dismiss. (ECF No. 9). Plaintiff Ian Christopherson[1] filed a response (ECF No. 12), to which Roske replied (ECF No. 14).

Also before the court is defendant Joshua Tomshek's motion to dismiss. (ECF No. 15). Plaintiff filed a response. (ECF No. 21). Tomshek has not filed a reply, and the time to do so has since passed.

Also before the court is defendant United States of America's motion to dismiss. (ECF No. 18). Plaintiff filed a response. (ECF No. 20). The United States has not filed a reply, and the time to do so has since passed.

I.     Facts

This case arises out of a criminal conviction for tax evasion. Defendant Roske was plaintiff's counsel during his criminal trial. (ECF No. 1 at 2). Defendant Tomshek represented plaintiff for certain post-conviction proceedings occurring between December of 2011 and March of 2013. *Id.* Plaintiff alleges that both defendants committed legal malpractice that led to plaintiff's conviction and sentence. *Id.* at 6. Plaintiff further alleges that but for defendants'

---

[1] Plaintiff represents himself *pro se* in this action.

malpractice, plaintiff would not have been convicted of tax evasion or would have had his conviction overturned, either at the trial court or on appeal. *Id.*

After his conviction and sentencing, Alina Shell of the federal public defender's office represented plaintiff on appeal. *Id.* at 5. Plaintiff alleges that Shell mishandled plaintiff's appeal which, if properly handled, would have led to a reversal of plaintiff's conviction. *Id.* at 6.

Plaintiff filed a motion to vacate under 28 U.S.C. § 2255 in April of 2015. *Id.* at 2. Plaintiff has not yet obtained a ruling on his 2255 motion. *Id.*

## II.    Legal Standard

### a.  Subject matter jurisdiction

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

. . .

. . .

*b. Pleading requirements*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that

are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**III.  Discussion**

Defendants Roske and Tomshek filed motions to dismiss, both arguing that a cause of action has not accrued against them as plaintiff has not obtained successful relief from his conviction.  Defendant United States argues, in addition to the argument raised by the other defendants, that the court lacks jurisdiction to hear plaintiff's claims against the United States.

Plaintiff's response asserts that the FTCA is not clear on when a cause of action accrues (although plaintiff admits that a cause of action has not accrued under state law).  Plaintiff further asserts that in the event the court reviewing plaintiff's § 2255 motion does rule against him it would be due to defendant's alleged malpractice, so therefore a cause of action has already accrued and the only question left is one of damages.  Plaintiff requests in the alternative that, in the event that claims have not accrued against defendant, the court stay the case or dismiss the complaint without prejudice to re-file.

*a.  Subject matter jurisdiction*

The FTCA creates "a limited waiver of the United States' traditional sovereign immunity, authorizing third parties to file certain civil tort suits against the government for monetary damages." *Vickers v. United States*, 228 F.3d 944, 948 (9th Cir. 2000).  The FTCA grants federal courts jurisdiction over claims:

> [F]or injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA defines an "employee of the government" for purposes of the act to include "any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18."  28 U.S.C. § 2671.

Here, § 3006A prompted the FPD's appointment and representation of plaintiff during the course of his appeal. Therefore, defendant Shell, an FPD employee who provided professional services, is not considered an employee of the government for purposes of FTCA liability. *See* 28 U.S.C. § 2671. As plaintiff provides no other basis for asserting that the United States has waived sovereign immunity in this case, the court lacks jurisdiction to consider plaintiff's claims against the United States.

### b. Pleading requirements

Tort claims are not the proper way to make collateral challenges to criminal convictions. *See Heck v. Humphrey*, 512 U.S. 477, 484–85 (1994). In *Heck*, the court held,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87.

In *Erlin v. United States*, 365 F.3d 1127 (9th Cir. 2004), the Ninth Circuit held that the FTCA contains the same restrictions as those outlined in *Heck* on when a litigant can bring suits based on the alleged invalidity of a conviction. *Id.* at 1132 ("Just as the Supreme Court [in *Heck*] read § 1983 as containing a restriction on when a litigant can bring a suit that impugns the validity of a conviction or imprisonment, we read the FTCA as containing the very same restrictions.").

Here, plaintiff has not obtained a favorable ruling on his § 2255 motion. Further, he has not alleged that his conviction has been otherwise expunged or declared invalid. As such, plaintiff has not accrued a cause of action against defendants upon which relief can be granted. *See Erlin*, 365 F.3d at 1132. The court will grant defendants' motions to dismiss without prejudice to re-file in the event plaintiff successfully challenges his conviction.

## IV.    Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Roske's motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED.

James C. Mahan
U.S. District Judge

1     IT IS FURTHER ORDERED that defendant Tomshek's motion to dismiss (ECF No. 15)

2   be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

3     IT IS FURTHER ORDERED that defendant United States' motion to dismiss (ECF No.

4   18) be, and the same hereby is GRANTED.

5     Plaintiff's claims against defendants Roske, and Tomshek will be dismissed without

6   prejudice.  Plaintiff's claim against defendants United States of America will be dismissed with

7   prejudice.

8     DATED December 1, 2017.

9   _____
    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**